MILJACK ASSOCIATES, et al. *v.* UNITED STATES FIDELITY & GUARANTY CO.

No. 41502 May 9, 1960 120 So. 2d 163

*Sullivan, Sullivan & Keyes, Jackson, for appellant.*

886

*Watkins & Eager,* Jackson, for appellee.

GILLESPIE, J.

Appellants owned an office building and employed Campbell to do repair work therein. In order to enable Campbell to move some lumber from one floor to another, appellants permitted him to use an elevator. Campbell's employee had the exclusive use of said elevator for said purpose and in so doing negligently damaged the elevator. Appellants sued Campbell in the county court for said damages and recovered judgment. Appellants filed a suggestion of garnishment, suggesting that United States Fidelity & Guaranty Company, appellee, was indebted to Campbell. Appellee answered denying any indebtedness to Campbell and showed in its answer that it had issued to Campbell a certain insurance policy but denied that the policy covered the damages to the elevator. The issue in the nature of a contest to the answer of appellee was tried, and the county court decided the issue in favor of appellee, the garnishee. Appellants appealed to the circuit court, where the judgment of the county court was affirmed. Appellants appeal here.

The policy issued by appellee to Campbell is a "Schedule Liability Policy." The policy contained the following insuring agreement:

"Coverage B—Property Damage Liability

"To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of the use thereof, caused by accident and arising out of the hazards hereinafter defined."

Under the heading, "Definition of Hazards" is the following:

"Division 1—Premises—Operations

"The ownership, maintenance or use of premises and all operations.

"Division 2—Elevators

"The ownership, maintenance or use of any elevator designated in the declarations."

■■■ The declarations show that no elevator is designated therein. Attached to the "declarations" sheet is a "Contractor's Schedule" which was the only coverage purchased by Campbell, although many other coverages were available under the policy, including elevator coverage.

Under the heading of "Exclusions" the policy provides as follows: "This policy does not apply: . . .

"(1) under Coverages B and D, to injury to or destruction of (1) property owned or occupied by or rented to the Insured, or (2) except with respect to liability under sidetrack agreements covered by this policy, property used by the Insured, or (3) except with respect to liability, under such sidetrack agreements or the use of elevators, property in the care, custody or control of the Insured or property as to which the Insured for any purpose is exercising physical control . . . . . ."

No elevator insurance was purchased by Campbell because in that part of the policy headed "Declarations", the column for the listing of elevators was not filled in and no premium was charged for such coverage. The exclusions are standard provisions of the policy and were written to apply regardless of the types of coverage listed in the "Declarations."

■■■ The use of the words ". . . except with respect to liability under sidetrack agreements or the use of elevators. . ." in paragraph 1 (3) of the "Exclusions" have no application to the present problem. If elevator insurance had been purchased the words quoted above would mean that the policy would cover the injury to or destruction of property in connection with the ownership, maintenance or use of the elevator even though such property is in the care, custody or control of insured, or as to which insured is exercising physical control. If the policy provided elevator coverage it would

cover, for instance, the injury to or destruction of the property of third persons being conveyed in the elevator when the injury or destruction arises out of the ownership, maintenance or use of the elevator so covered. Such property would be in the care, custody or control of insured and insured would be exercising physical control over it while being conveyed in the elevator; and such property would be excluded from coverage but for the words "except with respect to . . . the use of elevators. . ."; and in any event such property would be covered only when elevator coverage is afforded by the policy.

From what has been said, the purpose of the use of the "except" clause in paragraph 1 (3) under "Exclusions" is apparent. And it seems clear to us that the damage to the elevator in question was not covered by the policy.

Affirmed.

*McGehee, C. J.,* and *Lee, Kyle* and *Ethridge, JJ.,* concur.